**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **SHARAA S.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. EA-25-121** |
| **COMMISSIONER OF SOCIAL, SECURITY,** | * | |
| **Defendant.** | * | |

**MEMORANDUM OPINION**

On January 14, 2025, Plaintiff Sharaa S. petitioned this Court to review the final decision of the Social Security Administration (SSA or Commissioner) denying her claim, on behalf of her minor son, D.M.J. (the child), for Supplement Security Income pursuant to Title XVI of the Social Security Act (the Act), 42 U.S.C. § 1381 *et seq*.[1] ECF Nos. 1, 6. Pending before the Court is Plaintiff's appeal, which is fully briefed. ECF Nos. 24, 26–27. No hearing is necessary. Local Rule 105.6 (D. Md. Dec. 1, 2025). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig* v. *Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, and for the reasons set forth below, the Commissioner's decision is affirmed.

## I. BACKGROUND

### A. Statutory Framework

The Act authorizes Supplement Security Income benefits to "persons who have a 'disability.'" *Barnhart* v. *Thomas*, 540 U.S. 20, 21 (2003). Under the Act, an individual under the age of 18 is considered disabled if they have "a medically determinable physical or mental

---

[1] This case was referred to a United States Magistrate Judge with the parties' consent and reassigned to the undersigned on October 13, 2026. ECF Nos. 11, 13, 15; 28 U.S.C. § 636; Local Rule 301.4 (D. Md. Dec. 1, 2025).

impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906; *see also* 42 U.S.C. § 1382c(a)(3)(C)(i). The SSA evaluates child-disability claims using a three-step sequential analysis. 20 C.F.R. § 416.924(a); *Clifford P.* v. *Saul*, Civil Action No. TMD-18-2223, 2020 WL 406937, at *2 (D. Md. Jan. 24, 2020); *Woodhouse ex rel. Taylor* v. *Astrue*, 696 F. Supp. 2d 521, 524 (D. Md. 2010). At step one, the SSA determines whether the child is engaging in substantial gainful activity.[2] 20 C.F.R. § 416.924(b). If so, the child is not disabled. *Id.* At step two, the SSA determines whether the child's medically determinable mental or physical impairment or combination of impairments is severe. 20 C.F.R. § 416.924(a), (c); *Clifford P.*, 2020 WL 406937, at *2. If the impairment or combination of impairments is not severe, the child is not disabled. 20 C.F.R. § 416.924(c). At step three the SSA determines whether the severe impairment or combination of impairments "meets, medically equals, or functionally equals" a Social Security disability listing. 20 C.F.R. § 416.924(a), (d); *Woodhouse ex rel. Taylor*, 696 F. Supp. 2d at 524. A severe medically determinable impairment functionally equals a listing if it "result[s] in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain."[3] 20 C.F.R. § 416.926a(a). If the child's impairment satisfies that standard, and it meets the duration requirement, the child is disabled within the meaning of the Act. 20 C.F.R.

---

[2] Substantial gainful activity is "work activity that involves doing significant physical or mental activities" and that is "the kind of work usually done for pay or profit." 20 C.F.R. § 416.972(a)–(b).

[3] The six domains of functioning are: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and (vi) Health and physical well-being." 20 C.F.R. § 416.926a(b)(1)(i)–(vi).

§ 416.924(a); *Clifford P.*, 2020 WL 406937, at *2; *Woodhouse ex rel. Taylor*, 696 F. Supp. 2d at 524.

"There is no presumption of continuing disability." *Powell* v. *Astrue*, Civil Action No. TMD-08-840, 2010 WL 3245414, at *2 (D. Md. Aug. 17, 2010). Instead, the Act requires that the SSA review a child's continued eligibility for disability benefits at least every three years. 42 U.S.C. § 1382c(a)(3)(H)(ii)(I), (4)(B); 20 C.F.R. § 416.994a(a). During a continuing disability review of a child-disability claim, the SSA engages in a three-step medical improvement analysis. 20 C.F.R. § 416.994a(b); *Tina G. ex rel. J.G.* v. *Saul*, Civil Action No. TJS-20-0544, 2021 WL 2685584, at *1 (D. Md. June 30, 2021). At step one, the SSA determines whether there has been medical improvement since the most recent finding of disability (the comparison point decision).[4] 20 C.F.R. § 416.994a(a)–(b); *Tina G. ex rel. J.G.*, 2021 WL 2685584, at *1; *Powell*, 2010 WL 3245414, at *2. If not, the SSA will find the child disabled, unless an exception applies. 20 C.F.R. § 416.994a(a)–(b), (e)–(f). If medical improvement exists, the SSA proceeds to step two where it considers whether the impairment or combination of impairment meets—or medically or functionally—equals a Social Security disability listing. 20 C.F.R. § 416.994a(a)–(b); *Tina G. ex rel. J.G.*, 2021 WL 2685584, at *2. If so, the SSA will find the child disabled, unless an exception applies. 20 C.F.R. § 416.994a(a)–(b), (e)–(f). If not, the SSA will proceed to step three, where it evaluates the child's impairment or combination of impairments under the federal regulations that govern the determination of disability for children, as set forth above. 20 C.F.R. §§ 416.924, 416.994a(a)–(b).

[4] "Medical improvement is any decrease in the medical severity" of the child's impairment or combination of impairments that was "present at the time of the most recent favorable decision." 20 C.F.R. § 416.994a(c).

**B. Procedural History**

On October 19, 2015, Plaintiff, on behalf of the child, applied for Supplement Security Income under Title XVI of the Social Security Act (the Act), 42 U.S.C. § 1381 *et seq*. ECF No. 19-6 at 2.[5] On January 14, 2016, the SSA found that, as of October 15, 2015, the child was disabled within the meaning of the Act due to his failure to thrive. ECF No. 19-3 at 23, 27. Following a continuing disability review, the SSA concluded on March 22, 2019, that the child was still disabled. ECF No. 19-3 at 23. During a subsequent continuing disability review, the SSA determined that the child was no longer disabled as of March 24, 2023. ECF Nos. 19-3 at 23; 19-4 at 2–9. Plaintiff sought further review and the SSA upheld its prior determination after two levels of administrative review. ECF Nos. 19-3 at 23; 19-4 at 10–27; 19-5 at 7, 11–18. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on August 14, 2024. ECF Nos. 19-3 at 46–67; 19-5 at 22. The ALJ rendered a decision on October 11, 2024, in which she determined that the child was no longer disabled as of March 24, 2023. ECF No. 19-3 at 23–40. On January 2, 2025, the Appeals Council denied Plaintiff's request for review. ECF Nos. 19-3 at 2–5; 19-5 at 67–68. The ALJ's October 11, 2024 decision therefore constitutes the final, reviewable decision of the SSA. *Sims* v. *Apfel*, 530 U.S. 103, 106-107 (2000); 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(a).

**C. ALJ Decision**

The ALJ initially noted that the most recent favorable determination, or comparison point decision, was rendered on March 22, 2019. ECF No. 19-3 at 27. In that decision, the SSA found that the child had the severe impairment of failure to thrive. *Id.* At step one, the ALJ determined that as of March 24, 2023, that "there had been a decrease in the medical severity of the

[5] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document.

impairment[ ] present at the time of the [comparison point decision]." *Id.* At step two, the ALJ determined that the impairment that the child had at the time of the comparison point decision (failure to thrive) no longer met or functionally equaled the severity of the listing. *Id*. at 27–34. At step three, the ALJ found that the child had the severe impairments of sleep apnea, asthma, and bilateral knee pain, but that these impairments did not meet or medically or functionally equal a Social Security disability listing. *Id.* at 34–39. The ALJ analyzed each of the six domains of functioning and concluded that the child had "less than marked limitation" in two domains—moving about and manipulating objects, as well as health and physical well-being—and no limitation in the other four domains. *Id.* at 38–39. Ultimately, the ALJ determined that the child's disability ended on March 24, 2023, and that the child had not become disabled since that date. *Id.* at 39–40.

## II. DISCUSSION

On appeal, Plaintiff does not challenge the ALJ's determination that there was a medical improvement of the child's failure to thrive. ECF No. 26 at 1. Instead, Plaintiff contends that the ALJ's failed to develop the record of the child's sleep impairment and explain its impact upon the child's functional domains. ECF No. 24 at 8–14. The Commissioner argues the opposite. ECF No. 26. Following discussion of the applicable standard of review, Plaintiff's challenges are addressed in turn below.

### A. Standard of Review

The scope of judicial review of the SSA's disability determination is "circumscribed." *Britt* v. *Saul*, 860 Fed. Appx. 256, 259 (4th Cir. 2021) (citing 42 U.S.C. § 405(g)).[6] The Court

[6] After a hearing to determine an individual's eligibility for Supplemental Security Income benefits, the Commissioner's final determination is subject to the same judicial review as provided in 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3).

must affirm the decision "so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence." *Id.*; *accord Mascio* v. *Colvin*, 780 F.3d 632, 634 (4th Cir. 2015); *Coffman* v. *Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Factual findings supported by substantial evidence "shall be conclusive." 42 U.S.C. § 405(g); *see also Hays* v. *Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if [the] decision is supported by substantial evidence."). The phrase "substantial evidence" is a "term of art" that "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek* v. *Berryhill*, 587 U.S. 97, 102-103 (2019) (quotation marks and citations omitted). It is "more than a mere scintilla . . . [and] somewhat less than a preponderance." *Laws* v. *Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 587 U.S. at 103. In conducting the substantial evidence inquiry, this Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co.* v. *Akers*, 131 F.3d 438, 439-440 (4th Cir. 1997). Although an ALJ's decision must be sufficiently detailed to allow for meaningful judicial review, *Mascio*, 780 F.3d at 636-637, an "elaborate or even sophisticated" explanation is not required, *T-Mobile S., LLC* v. *City of Roswell*, 574 U.S. 293, 302 (2015). "Meaningful review is frustrated—and remand necessary—only where [the Court is] unable to fathom the [ALJ's] rationale in relation to evidence in the record." *Britt*, 860 Fed. Appx. at 262 (quotation marks and citation omitted).

**B. Development of the Record**

Plaintiff first argues that remand is required because the ALJ did not adequately develop the record with respect to the child's sleep-related impairment. ECF No. 24 at 8–10. The

Commissioner counters that Plaintiff had the burden to submit evidence to support the child's claim for disability benefits. ECF No. 26 at 14. The undersigned concurs. To be sure, "an ALJ has a duty to investigate the facts and develop the record." *Pearson* v. *Colvin*, 810 F.3d 204, 210 (4th Cir. 2015). "This requirement does not, however, impose an obligation to 'function as the claimant's substitute counsel.'" *Lehman* v. *Astrue*, 931 F. Supp. 2d 682, 693 (D. Md. 2013) (quoting *Bell* v. *Chater*, No. 95-1089, 57 F.3d 1065 (Table), 1995 WL 347142, at *4 (4th Cir. June 9, 1995) (per curiam)). Rather, the claimant "has the burden of proving disability," *Britt*, 860 Fed. Appx. at 257, and must therefore furnish "such medical and other evidence of the existence" of a disability "as the Commissioner of Social Security may require." 42 U.S.C. § 423(d)(5)(A); *see also* 20 C.F.R. § 416.912(a)(1) (providing that a claimant is responsible for providing evidence of disability). "When the record reveals evidentiary gaps which result in unfairness or clear prejudice, remand is necessary." *Shecona W.* v. *Kijakazi*, Civil Action No. SAG-21-0819, 2022 WL 2805632, at *2 (D. Md. July 18, 2022) (quotation marks and citation omitted). "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Id.* (quotation marks and citation omitted).

Here, the SSA sent Plaintiff a notice of the hearing that outlined the procedure and deadline for the submission of evidence and explained how Plaintiff could subpoena documents or witnesses. ECF No. 19-5 at 49–53, 61. At the hearing, the ALJ advised Plaintiff of her right to postpone to secure representation, which Plaintiff waived. ECF No. 19-3 at 48. The ALJ further advised Plaintiff, consistent with the notice Plaintiff had received previously, that records were due five days before the hearing, and that the ALJ had no medical records for treatment of the child in 2024. *Id.* Plaintiff provided records of a 2024 sleep study (which the ALJ accepted into the record), identified two medical providers, and consented to having the SSA order the

medical records. ECF Nos. 19-3 at 48–52; 19-9 at 248–253. Following the hearing, the ALJ and Disability Determination Services contacted the identified providers, but no additional medical records were received. ECF No. 19-3 at 23.

The undersigned cannot conclude that the record was undeveloped, the ALJ's decision was uninformed, or that Plaintiff suffered prejudice. *Shecona W.*, 2022 WL 2805632, at *2; *see also Barker* v. *Astrue*, No. 3:09-CV-00818, 2011 WL 90231, at *12 (S.D.W. Va. Jan. 7, 2011) ("When considering the adequacy of the record that was before the ALJ, the Court looks for evidentiary gaps that resulted in unfairness or clear prejudice to the claimant.") (quotation marks and citation omitted). It is unclear whether any additional medical records exist and, if so, whether they are relevant to the issues raised in this appeal. ECF Nos. 19-3 at 51; 24 at 10. And because Plaintiff does not articulate what the missing record evidence would show or how they would alter the ALJ's conclusion, Plaintiff has not demonstrated prejudice. *William M.* v. *Saul*, Civil Action No. TMD-19-1282, 2020 WL 3268048, at *3 (D. Md. June 17, 2020) (citing *Marsh* v. *Harris*, 632 F.2d 296, 300 (4th Cir. 1980)). To the extent that the record required further development, the ALJ did so by receiving Plaintiff's evidence at the hearing and requesting additional medical records. *Perrin* v. *Colvin*, No. 3:12CV741-HEH, 2013 WL 5603227, at *5 (E.D. Va. Oct. 11, 2013) ("To develop the record, the ALJ can question witnesses, request evidence, and subpoena witnesses."). Plaintiff's contention that the ALJ's decision is faulty because it does not identify "follow-up efforts . . . or why the record could be closed without resolving those gaps" fails to appreciate the applicable burdens of production and persuasion. ECF No. 24 at 9–10. The United States Court of Appeals for the Fourth Circuit has instructed that self-represented litigants are "entitled to the sympathetic assistance of the ALJ to develop the record." *Crider* v. *Harris*, 624 F.2d 15, 16 (4th Cir. 1980). Such assistance occurred when the ALJ accepted medical records Plaintiff offered at the hearing despite the deadline having elapsed

and when the ALJ attempted to procure additional medical records to no avail. ECF No. 19-3 at 23, 44–45. In sum, reversal is not required based on the ALJ's purported failure to develop the factual record.

**C. Domains of Functioning**

Plaintiff also contends that remand is required because the ALJ did not "grapple with" relevant medical evidence or adequately explain how the child's sleep disorder affected two domains of functioning. ECF No. 24 at 11. This argument is unavailing. The ALJ explicitly addressed medical records, including the 2024 sleep study, both in her finding of sleep apnea as a severe impairment and in her assessment of the child's health and physical well-being domain. ECF No. 19-3 at 34, 39. The ALJ's determination of no limitation in attending and completing tasks rests on a thorough review of the record. *Id.* at 38. The ALJ examined Plaintiff's testimony, medical evidence, school records, and administrative findings, and explained her evaluation of medical assessments, the weight accorded to each, and the reasons why. *Id.* at 36–38. Ultimately, the ALJ concluded that the child "continues to have severe impairments; however, these impairments do not result in either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain of functioning." *Id.* at 37. On appeal, this Court does not substitute its judgment for that of the Commissioner. *Craig*, 76 F.3d at 589. Instead, this Court will disturb the ALJ's determination only where the Court is "unable to fathom the [ALJ's] rationale." *Britt*, 860 Fed. Appx. at 262 (quotation marks and citation omitted). The ALJ satisfied that standard here.[7]

[7] The school records Plaintiff tendered in support of Appeals Council review do not alter the analysis. ECF Nos. 19-3 at 12–19; 24 at 13–14. These records, which were issued after the ALJ rendered her decision, relate to an educational accommodation for a student with a disability, which is a wholly separate analysis. ECF No. 19-3 at 12–19; 29 U.S.C. § 794.

## III. CONCLUSION

For the foregoing reasons, the Commissioner's decision is affirmed. A separate Order follows.

Date: November 16, 2026

/s/
Erin Aslan
United States Magistrate Judge